# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONALD DICKENS,

      Plaintiff,

v.            //         CIVIL ACTION NO. 1:12CV76
                                   (District Judge Keeley)
                                   (Magistrate Judge Kaull)

WERNER ENTERPRISES, INC.,

      Defendant.

### OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO STRIKE MATTERS IN PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THAT ARE OUTSIDE OF THE PLEADINGS OR ALTERNATIVELY MOTION TO CONVERT DEFENDANT'S MOTION TO DISMISS INTO A MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Pending before the Court is the Defendant, Werner Enterprises, Inc.'s, "Motion to Strike Matters in Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss That Are Outside of the Pleadings or Alternatively Motion to Convert Defendant's Motion to Dismiss into a Motion for Summary Judgment" [Docket Entry 13]. The matter has been referred to the undersigned United States Magistrate Judge for resolution. For the reasons that follow, the Court **GRANTS** the Motion to Strike and **DENIES** the alternative Motion to Convert Defendant's Motion to Dismiss into a Motion for Summary Judgment.

## II. PROCEDURAL HISTORY

On March 29, 2012, Plaintiff Donald Dickens ("Dickens"), proceeding *pro se*, commenced this lawsuit in the Circuit Court of Harrison County, West Virginia, against Defendant Werner Enterprises, Inc. ("Werner"). On May 9, 2012, Werner removed the case to this Court [Docket Entry 6]. On May 15, 2012, Werner filed a "Motion to Dismiss Pursuant to Federal Rule of Civil

Procedure 12(b)(6)" and Memorandum in Support [Docket Entries 8 and 9]. On June 1, 2012, the Court advised Dickens of his right to file any opposition to Werner's motion, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Docket Entry 10]. On June 26, 2012, Dickens filed his "Response in Opposition to Defendant's Motion to Dismiss" and Memorandum of Law in support [Docket Entry 12]. Dickens attached eleven (11) exhibits to his Response.

Thereafter, on July 6, 2012, Werner filed its "Motion to Strike Matters in Plaintiff's Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss That Are Outside of the Pleadings or Alternatively Motion to Convert Defendant's Motion to Dismiss into a Motion for Summary Judgment" [Docket Entry 13].

Fed.R.Civ.P. 12(d) provides:

If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

In McBurney v. Cuccinelli, 616 F.3d 393 (4th Cir. 2010), the Fourth Circuit cited with approval the Eleventh Circuit's explanation that "[a] judge need not convert a motion to dismiss into a motion for summary judgment as long as he or she does not consider matters outside the pleadings." (Citing Harper v. Lawrence County, 592 F.3d 1227 (11th Cir. 2010). The Fourth Circuit also agreed that "'not considering' such matters is the functional equivalent of 'excluding' them - - there is no more formal step required." Id.

Upon review of the Complaint, Motion to Dismiss, the Response to the Motion, the memoranda in support of each, and the law relevant to the matter, the Court finds it has no need to consider, and shall not consider the "matters outside the pleadings" in order to make a Recommendation to the District Judge regarding the 12(b)(6) motion.

Although no formal step is "required" to exclude the exhibits attached to Dickens' Response and Memorandum of Law, the Court will go that extra step and **GRANT** the motion to strike the matters outside the pleadings. The Court **DENIES** Werner's alternative motion to convert the Motion to Dismiss to a Motion for Summary Judgment. For docketing purposes, Docket Entry 13 is **GRANTED in PART** and **DENIED in Part**.

The Clerk is directed to transmit copies of this order to counsel of record and to send a copy by Certified United States Mail to pro se Plaintiff at his last-reported address.

It is so **ORDERED**.

DATED: July 26, 2012.

*John S. Kaull*

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE