```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**DONALD DICKENS,**

    **Plaintiff,**

**v.**                   //    CIVIL ACTION NO. 1:12CV76
                                (Judge Keeley)

**WERNER ENTERPRISES, INC,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT [DKT. NO. 60], DENYING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
[DKT. NO. 62], DENYING AS MOOT DEFENDANT'S
MOTION FOR LEAVE TO FILE [DKT. NO. 65], AND
DISMISSING CASE WITH PREJUDICE**

    Pending before the Court are the motion for summary judgment (dkt. no. 60) filed by the defendant, Werner Enterprises, Inc. ("Werner"), and the motions for partial summary judgment (dkt. no. 62) and leave to file (dkt. no. 65) of the pro se plaintiff, Donald Dickens ("Dickens"). For the reasons that follow, the Court **GRANTS** Werner's motion, **DENIES** Dickens' motions, and **DISMISSES** the case **WITH PREJUDICE.**

I.

    Dickens filed a complaint in the Circuit Court of Harrison County, West Virginia on March 30, 2012, in which he alleged that he had worked as a commercial truck driver for 3.5 years, presumably for Werner. Werner, which is an "employer" as defined by the Federal Motor Carrier Safety Regulations (the "FMCSR"), 49 C.F.R. § 390.5, was required to supply an Employment Verification

**DICKENS V. WERNER ENTERPRISES, INC.**                                          **1:12CV76**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE AND DISMISSING CASE WITH PREJUDICE**

Report ("EVR") to employers looking to hire its employees or former employees. See § 391.23(g). The EVR required that an employer such as Werner list all accidents involving an employee. See § 391.23(d)(2)(I). Under the FMCSR, the definition of "accident" includes "occurrence[s] involving a commercial motor vehicle operating on a highway in interstate or intrastate commerce . . .," regardless of liability. § 390.5.

After Dickens applied for commercial driving positions at FedEx and Elder-Beerman, Werner, as required, supplied these potential employers with an EVR listing the accidents in which Dickens had been involved during his employment. The gist of Dickens' complaint involves a dispute about the following accidents:

    1. December 23, 2008, Louisville, Kentucky – "Moving forward and struck another vehicle";

    2. March 11, 2009, Belville, Ontario – "Backing up and struck another vehicle"; and

    3. May 2, 2011, Avondale, Pennsylvania – "Backing up and struck another vehicle."

**DICKENS V. WERNER ENTERPRISES, INC.**                                    **1:12CV76**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE AND DISMISSING CASE WITH PREJUDICE**

Dickens asserts claims of libel and tortious interference against Werner because it listed these accidents in his EVR. He alleges that Werner's statements describing the accidents are false, defamatory, deliberately misleading, dishonest, and unproven. He further alleges that Werner's publication of these to FedEx and Elder-Beerman proximately caused them not to hire him. Finally, he asserts that, even though Werner may have enjoyed a qualified privilege to publish the disputed statements, it did so with actual malice, specifically a reckless disregard for the truth, and therefore has no defense of qualified privilege. Dickens demands a retraction of the statements, as well as compensatory and punitive damages and costs.

Werner removed the complaint to this Court on May 9, 2012, and filed a motion to dismiss, asserting in part that its statements were protected by qualified privilege. The Court referred the motion to the Honorable Magistrate Judge John S. Kaull, who entered a report and recommendation ("R&R") that recommended Werner's motion be denied because Dickens had met his burden of overcoming qualified privilege at the pleading stage by alleging actual malice. Werner objected to the R&R, arguing that Dickens'

**DICKENS V. WERNER ENTERPRISES, INC.** 1:12CV76

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE AND DISMISSING CASE WITH PREJUDICE**

conclusory allegation of actual malice lacked factual support and therefore failed to satisfy federal pleading standards.

Although this Court agreed with Werner that Dickens had not met his pleading burden, because of his status as a <u>pro se</u> plaintiff, it granted Dickens leave to file a more definite statement of actual malice. Dickens filed his statement on October 23, 2012, attaching to it a single letter from Werner to him that he asserted demonstrated Werner's reckless disregard for the truth.[1] In relevant part, the letter stated:

> Your appeal letter has been received regarding the events of 12/23/08 in Louisville, KY, of 3/11/09 in Belville, ON and of 5/2/11 in Avondale, PA. The files have been reviewed and your appeal to have these events removed from your record is denied. These events are currently listed as non-chargeable on your record. Werner Enterprises must keep record of every event that occurs while you are under contract with the company. Further inquiries into this matter will not be answered.

(Dkt. No. 20-1).

After the parties completed discovery, they filed cross-motions for summary judgment. In his motion, Dickens argued that Werner's admission regarding the "non-chargeability" of the

---

[1] Although Dickens had previously filed the same letter as an attachment to his response in opposition to the motion to dismiss, dkt. no. 12-5, the Court refused to consider it at the dismissal stage.

**DICKENS V. WERNER ENTERPRISES, INC.**                                                         **1:12CV76**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING AS
MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE AND
DISMISSING CASE WITH PREJUDICE**

accidents, combined with its denial of the accident victims' claims, demonstrates its subjective belief that the statements regarding the three accidents were false. (Dkt. No. 20 at 3). Werner's motion, on the other hand, contended that Dickens had failed to support his allegation of actual malice with sufficient proof to overcome its qualified privilege. (Dkt. No. 61 at 17).

## II.

Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(c)(1)(A), (a). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining the truth, and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

**DICKENS V. WERNER ENTERPRISES, INC.**                                      **1:12CV76**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE AND DISMISSING CASE WITH PREJUDICE**

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

### III.

It is undisputed that Werner may assert a defense of qualified privilege against the allegations in the complaint. That said, West Virginia law recognizes that a showing of the defendant's actual malice or reckless disregard for the truth of the allegedly defamatory statements may overcome the privilege. See Crump v. Beckley Newspapers, Inc., 320 S.E.2d 70, 78 (W. Va. 1983). Thus, the question in this case is whether Dickens has documented sufficient evidence of malice or recklessness to create a genuine

**DICKENS V. WERNER ENTERPRISES, INC.**                                **1:12CV76**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE AND DISMISSING CASE WITH PREJUDICE**

issue of material fact as to whether Werner acted in reckless disregard of the truth concerning the three reported accidents. At its essence, Dickens' argument is that Werner previously denied the claims of the accident victims, but now contends the accidents actually occurred. (Dkt. No. 68 at ¶ 21). In his view, this apparent contradiction demonstrates that, at a minimum, Werner was unsure as to the truth of its statements regarding the accidents, and therefore should not have spoken.

    The definition of "accident" under the FMCSR does not account for liability. Dickens concedes as much when he acknowledges that the evidence establishes that the three accidents in question were reported by the victims, and that Werner did not fabricate them. See Dickens Dep. 53-68, Dkt. No. 60-1. Thus, there is no dispute that the accidents were reported to have occurred; consequently Werner appropriately listed them on Dickens' driving record and EVR.

    Dickens nevertheless contends that Werner's denial of the claims establishes its uncertainty as to whether the accidents actually did occur, and thus its reckless disregard for the truth when it published the accidents on the EVR. What Dickens fails to

**DICKENS V. WERNER ENTERPRISES, INC.**                                   **1:12CV76**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING AS
MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE AND
DISMISSING CASE WITH PREJUDICE**

recognize, however, is that a determination of liability for purposes of claims and litigation strategy in no way disproves his involvement in the accidents.

Furthermore, even if the evidence may not establish Werner's absolute certainty about whether the accidents occurred, reckless disregard "requires more than a departure from reasonably prudent conduct." Harte-Hanks Comms., Inc. v. Connaughton, 491 U.S. 657, 688 (1989); see also White v. Hall, 188 S.E. 768, 769 (W. Va. 1936). Werner's mere denial of the claims, thus, cannot create a genuine issue of triable fact regarding whether Werner had serious doubts about the occurrence of the accidents and acted in reckless disregard thereof when it fulfilled its obligation to list the accidents on the EVR.

Dickens has failed to establish a triable issue of fact regarding Werner's alleged actual malice, and therefore has failed to overcome Werner's defense of qualified privilege. Because Werner's statements were privileged, Dickens' claims of libel and tortious interference fail as a matter of law. Furthermore, based on this conclusion, no further discussion of Werner's additional defenses, including truth and absolute privilege, is necessary.

**DICKENS V. WERNER ENTERPRISES, INC.** 1:12CV76

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DENYING AS MOOT DEFENDANT'S MOTION FOR LEAVE TO FILE AND DISMISSING CASE WITH PREJUDICE**

**IV.**

Werner's statements regarding the three accidents were protected by qualified privilege, and Dickens has failed to rebut that privilege with the requisite showing of actual malice. Therefore, the Court **GRANTS** Werner's motion for summary judgment, **DENIES** Dickens' motion for partial summary judgment, **DENIES AS MOOT** Dickens' motion for leave to file, and **DISMISSES** this case **WITH PREJUDICE.**

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to counsel of record and to the plaintiff, Donald Dickens, by certified mail, return receipt requested.

DATED: March 4, 2014.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE